In re Copeland DAVIS a/k/a Copeland Davis Enterprises, Debtor.

Harold MONCHICK, Plaintiff,

v.

Copeland DAVIS a/k/a Copeland Davis Enterprises, Defendant.

Bankruptcy No. 81–00542–BKC–SMW.
Adv. No. 81–0348–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Sept. 15, 1981.

**554**

Norman J. Kapner, West Palm Beach, Fla., for plaintiff.

John C. Thomas, Boca Raton, Fla., for defendant.

Herbert Freehling, Fort Lauderdale, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause coming on to be heard upon a Complaint Objecting to Discharge filed herein and the Court, having heard the testimony and examined the evidence presented; having observed the candor and demeanor of the witnesses; having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

This Court has jurisdiction of the parties and the subject matter of this action under 28 U.S.C. Section 1471.

The plaintiff, Harold Monchick, is a creditor of the debtor/defendant, Copeland Davis a/k/a Copeland Davis Enterprises (Copeland Davis) and is a proper party plaintiff pursuant to a Final Judgment of the Circuit Court in and for Palm Beach County, Florida entered on behalf of the plaintiff against the defendant on May 10, 1979 for money damages in excess of Twenty-One Thousand ($21,000) Dollars.

■ The debtor, Copeland Davis, is a professional entertainer, represented by Ivory Music Productions, Inc. (Ivory Music), a Florida Corporation formed in October of 1980 in which the defendant is a shareholder. The debtor receives bookings for engagements from, and is paid by, Ivory Music. The evidence presented shows that the debtor transferred various musical instruments and equipment to Ivory Music prior to the filing of bankruptcy. The Court finds that these items, transferred to a corporation formed approximately seven months prior to the filing of bankruptcy, were not owned by the debtor at the time of filing the petition, nor were they transferred in an effort to conceal them from his creditors. One such item in question was a piano purchased through the Abby Road Corporation (a former employer of the debtor) which plaintiff alleged was owned by the debtor and not scheduled as his personal property. The Court finds that payment for the piano was made out of fees paid to Ivory Music for the debtor's services and that the piano is owned by Ivory Music, even though the debtor personally began payment for the piano prior to the incorporation of Ivory Music. The Court finds that insufficient evidence was presented as to other items for the Court to find in plaintiff's favor.

■ It is not uncommon for a professional entertainer or personality to incorporate for purposes of doing business. When any corporation owns property, the ownership of such property can not be attributed to the shareholders individually without assailing the validity of the corporation directly. The validity of Ivory Music as a corporate entity is not disproven, or ownership of Ivory Music property shifted to a shareholder, simply because it is shown that a shareholder uses that property in the course of the corporation's business.

The Court finds that the plaintiff has failed to meet its burden of proof by sufficient, competent evidence to deny the debt-

or his discharge. The debtor is entitled to a judgment denying plaintiff's prayer for relief in conformity with these findings of fact and conclusions of law.